UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| AJ MINI MARKET, LLC, <br>     Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br>     Defendant. | ) ) ) ) ) ) ) ) ) ) | C. A. No. 20-300-JJM-PAS |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiff AJ Mini Market, Inc. challenges its permanent disqualification from the Supplemental Nutrition Assistance Program ("SNAP") by the Food and Nutrition Service ("FNS") of the United States Department of Agriculture ("USDA"). AJ Mini Market was banned from SNAP for engaging in trafficking of Electronic Benefit Transfers ("EBT"). Trafficking is defined as "[t]he buying, selling, stealing or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards … for cash or consideration other than eligible food." 7 C.F.R. § 271.2; 7 U.S.C. § 2021(b)(3)(B).

Before the Court is the United States' motion for summary judgment, arguing that the USDA's decision to disqualify AJ Mini Market was soundly supported by the record and neither arbitrary nor capricious as a matter of law. ECF No. 20. AJ Mini Market objects. ECF No. 22. For the reasons stated below, the Court GRANTS the United States' motion.

I.       FACTS

AJ Mini Market is a well-stocked convenience store located at 939 Social Street in Woonsocket, Rhode Island.  AJ Mini Market mainly sold inexpensive staple foods, snacks, and beverages and accepted payment for eligible food items through the SNAP, a program designated by Congress to alleviate hunger and malnutrition among poor households.  Eligible participants receive an EBT card, which is linked to their SNAP account, containing funds that they can use to purchase food.  The card is swiped at the store at the time of purchase, the customer enters a personal identification number, and the amount is deducted from their monthly SNAP benefits.

The FNS monitors the SNAP and EBT transactions to eliminate fraud, using an Anti-Fraud Locator using Electronic Benefit Retailer Transactions ("ALERT") program to detect trafficking.  AJ Mini Market appeared on a USDA ALERT Watch List in or around December 2018.  FNS identified three categories of irregular transaction patterns – 1) multiple transactions by the same household in a short period of time; 2) the depletion of all or the majority of a household's monthly SNAP benefits in one or a few transactions; and 3) a large volume of high dollar transactions.

On June 14, 2019, an FNS reviewer visited AJ Mini Market to evaluate the facility and inventory.  A Program Specialist from FNS's Retailer Compliance Division ("RCD") analyzed the shopping patterns of AJ Mini Market shoppers relative to traditional shopping habits of SNAP recipients.  The Program Specialist analyzed six individual households that shopped at AJ Mini Market and concluded that those

families also shopped at larger, better stocked grocery stores on the same day. FNS also noted AJ Mini Market's proximity to twenty-two other SNAP-authorized stores within a one-mile radius.

On July 11, 2019, FNS sent a letter to Mr. El Hosri, AJ Mini Market's owner, informing him that FNS was charging AJ Mini Market with trafficking and that permanent disqualification was the penalty. The letter identified the three irregular transaction patterns resulting in 384 violations and advised Mr. Hosri of his right to respond within ten days of the letter. Mr. Hosri responded, asserting a blanket denial. He also claimed that his market provides an essential service to poor community members who walk to his store and tend to shop in bulk once or twice a month. He also included some receipts as evidence that the SNAP purchases were legitimate.

In an August 15, 2019 letter, FNS rebutted Mr. Hosri's assertions with statistical evidence and dismissed the receipts for lack of identifying information typical of EBT transactions. FNS permanently disqualified AJ Mini Market from the SNAP for trafficking and determined that he was not eligible for a Civil Monetary Penalty ("CMP") under the regulations. Mr. Hosri requested further administrative review and his counsel reiterated the evidence and arguments to rebut the allegations of EBT trafficking. AJ Mini Market argued that the FNS's findings were unconstitutionally vague. It asserted that customers often make one or two big purchases throughout the month. It also noted that it was the only entity serving the

3

Woonsocket community and its customers often walked to the store because they did not have cars. AJ Mini Market did not submit any additional documentation.

Overruling these rebuttals, the Administrative Review Officer ("ARO") found that AJ Mini Market's explanations were not credible in the face of the EBT analysis, store visit documentation and photographs, case analysis, and data comparing similar stores and household shopping patterns. The ARO concluded that AJ Mini Market engaged in trafficking in accordance with 7 C.F.R. § 271.2 and affirmed its decision to disqualify AJ Mini Market from the program. AJ Mini Market filed this Complaint seeking to overturn its permanent disqualification from the SNAP.

## II. ANALYSIS

Summary judgment can be granted only when the Court finds that there is no genuine issue of material fact and that the undisputed facts give rise to an entitlement to judgment as a matter of law. *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his [or her] favor. *Id.* However, the non-moving party "must point to 'competent evidence' and 'specific facts' to stave off summary judgment." *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) (quoting *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)). A summary judgment motion cannot be defeated by "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010).

The Court must conduct a *de novo* review to "determine the validity of the questioned administrative action." 7 U.S.C. § 2023(a)(15). This *de novo* review, however, is limited to the USDA's determination of whether a SNAP violation took place. *Broad St. Food Mkt., Inc. v. United States*, 720 F.2d 217, 220 (1st Cir. 1983). If the Court finds that the USDA's finding was correct, review of the sanction that the USDA imposed is limited to whether that sanction was arbitrary or capricious. *Id.* A store disqualified from participating in SNAP bears the burden of proving that the USDA's decision was "invalid." *Hajifarah v. United States*, 779 F. Supp. 2d 191, 204 (D. Me. 2011) (quoting 7 U.S.C. § 2023(a)(16)).

The Court has reviewed the entire administrative record below, including AJ Mini Market's rebuttals to the FNS's conclusions that it trafficked in EBT benefits, and its decision to disqualify AJ Mini Market *de novo*. It is important to note that AJ Mini Market does not dispute any of the facts that the FNS presented in its decision or in the United States' motion currently before the Court. AJ Mini Market has not submitted any evidence to rebut the store-generated statistical evidence used to support the trafficking determination. And while "[m]erchants may conduct legitimate business side-by-side with unlawful trafficking[,]" the receipts AJ Mini Market submitted in support are inconclusive of legitimate transactions. *Irobe v. U. S. Dep't of Agric.*, 890 F.3d 371, 381 (1st Cir. 2018)).

What AJ Mini Market has provided the Court is explanations, mimicking those provided to the FNS, for the statistical data collected from the store during the review period that supported disqualification. It does not challenge the accuracy of the EBT

5

data on which the USDA based its determination but argues that the transactions were legitimate based on its shoppers' patterns and its place in the community. AJ Mini Market asserts that customers come once or twice a month and use all their funds during those visits. It provided no specific evidence of this type of pattern, which is not in line with national redemption patterns and national SNAP customer shopping behavior.

Specifically, in response to the 303 excessively large EBT transactions, AJ Mini Market replied that "large" was not defined. The transaction data patterns suggest that AJ Mini Market's EBT transactions were made in a usually short period of time, were excessively large for the size of the store, and depleted or ran down an EBT account. "The large number of aberrational transactions reflected in the Store's EBT database are adequate to ground a strong inference of trafficking, especially given the Store's characteristics." *Irobe*, 890 F.3d at 380. The ARO noted though that these high dollar amount purchases were at odds with the inventory and set-up of the market. In the face of AJ Mini Market's explanation that it is in a poor community and serves as the only store accepting SNAP within walking distance for many households is evidence that there were many SNAP-authorized stores in the same geographic area as AJ Mini Market such as a Super Stop & Shop, where the households sampled did also shop during the review period.

In short, AJ Mini Market's explanations are unconvincing, conclusory, and very speculative in the face of the USDA's statistics. AJ Mini Market cannot sustain its burden by surmising what its customers may or may not be doing or by making

unreasonable and impractical speculations about how hundreds of dollars of transactions could be completed between several seconds or minutes in a convenience store with minimal counter space, and no shopping carts. *See Eltaweel v. U. S. Dep't of Agric.*, No. CV 14-409-M-LDA, 2016 WL 1572880, at *3 (D.R.I. Apr. 18, 2016); *see also Kahin v. United States*, 101 F. Supp. 2d 1299, 1303 (S.D. Cal. 2000) (granting summary judgment even where plaintiff's explanations of his customer's spending pattern "may tend to negate some of the inferences from the EBT data" but do not "sufficiently account for all the suspicious activity."). AJ Mini Market has presented no evidence to show that the USDA's decision was invalid – in fact, it has presented no evidence rebutting the data that the USDA collected to prove it was engaged in EBT trafficking. It fails to raise disputed issues of material fact sufficient to overcome the USDA's statistics and ultimately, its motion for summary judgment.

Now that the Court has found, based on a *de novo* review, that the USDA's finding that AJ Mini Market engaged in trafficking as defined in 7 C.F.R. § 271.2 is valid, it will move on to review the permanent disqualification sanction. The Court will overturn the sanction only if it was arbitrary and capricious. *Broad St. Food Mkt.*, 720 F.2d at 220. Because the governing regulation, 7 C.F.R. § 278.6(e)(1), requires permanent disqualification for EBT trafficking, the Court cannot find that the USDA's sanction was arbitrary or capricious and upholds AJ Mini Market's permanent disqualification.

Based on the undisputed evidence in the record and for the reasons stated herein, the USDA's Motion for Summary Judgment (ECF No. 20) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

April 6, 2022